IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DWIGHT SAULSBERRY                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 2:12CV083-SA-DAS

MICHAEL ASTRUE, Commissioner
Of Social Security                                                                                   DEFENDANT

MEMORANDUM OPINION

Plaintiff Saulsberry filed this civil action for judicial review of the denial by the Commissioner of Social Security of his claim for Disability Insurance Benefits under Title II of the Social Security Act. The Magistrate Judge assigned in this case prepared a Report and Recommendation, and Plaintiff has filed an Objection. After reviewing the Report and Recommendation, Objection, rules and authorities, the Court makes the following findings:

*Factual and Procedural History*

On March 5, 2009, Plaintiff filed a Title II application for disability insurance benefits along with a Title XVI application for supplemental security income alleging that he became disabled on January 1, 2008 because of Reflex Sympathetic Dystrophy ("RSD"), a chronic pain syndrome, and back problems. These claims were denied on March 27, 2009. On reconsideration, these claims were again denied. Plaintiff subsequently requested a hearing which was held on February 17, 2011. At that hearing, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the following severe impairments: Reflex Sympathy Dystrophy of the left upper extremity with left arm and shoulder pain, back disorder, osteoarthritis, hypertension, and residual effects of disc herniation surgery which constitute severe medically determinable impairments. After the conclusion of the administrative hearing, the ALJ made a number of findings, ultimately holding that Plaintiff was not "disabled" under the statute as he

has the residual functional capacity to perform light work utilizing the dominant right hand and arm. On appeal, however, Plaintiff disagrees with the finding of "not disabled" by the ALJ and raises four issues: a.) the ALJ's weighing of treating physician's testimony, b.) the ALJ's failure to consider Social Security Ruling 03-2p, c.) the ALJ's hypothetical question to the vocational expert, and d.) the ALJ's failure to consider "pain" as a disability.

The Magistrate Judge assigned to this case issued a Report and Recommendation to this Court urging that the Commissioner's decision be affirmed. Plaintiff has filed an Objection to the Report and Recommendation.

*Standard*

Because Plaintiff has filed an Objection to the Magistrate Judge's Report and Recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991) (holding that a party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1997). The Court must determine whether or not the Commissioner's decision is supported by substantial evidence and, if it is, then it must affirm the decision of the Commissioner.

In applying the "substantial evidence" standard, the Court "may not reweigh the evidence in the record, nor try the issues *de novo,* nor substitute [the Court's] judgment for the Secretary's, even if the evidence preponderates against the Secretary's decision." Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988); Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Kane v. Heckler, 731 F.2d at 1219 (citing Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)(citations omitted); Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). The Secretary's findings on all factual issues are final if they are supported by substantial evidence. Taylor v. Bowen, 782 F.2d 1294, 1298 (5th Cir. 1986).

*Report and Recommendations*

In an extensive and detailed twenty-eight page opinion, Magistrate Judge Sanders specifically chronicles Plaintiff's work and medical history, evidence of disability, and hearing testimony. The Report and Recommendation particularly addresses the ALJ's failure to consider Social Security Ruling (SSR) 03-02p, the ALJ's reliance on the treating physicians' opinions, the Step Five determination, and Plaintiff's argument that the treating physicians should be re-contacted on remand.

Judge Sanders noted that while the ALJ did not expressly cite the Social Security Ruling, there was no case law cited mandating that the ALJ do so in making his determination. Indeed, the Magistrate Judge found persuasive authority to the contrary. See Whatley v. Astrue, 2012 WL 3704988 (D. Colo. Aug. 27, 2012) ("In this case, the ALJ's decision incorporates many aspects of SSR 03-02p; it is not error for the ALJ to fail, in addition, to explicitly cite the referenced regulation"); Alexander v. Astrue, 2012 WL 2848154 (D. Ariz. July 11, 2012) ("While the ALJ did not cite the Social Security Ruling in his decision, Plaintiff does not dispute that he followed the required sequential evaluation process in evaluating her disability claim. The

3

ALJ did not commit legal error in failing to cite SSR 03-02p"). Therefore, the Magistrate Judge found no error in the ALJ's failure to cite the Social Security Ruling in Saulsberry's case. Moreover, the Magistrate Judge acknowledged that the ALJ specifically noted that he was familiar with the RSD diagnosis and found that Plaintiff's onset of RSD was a medically determinable, severe impairment. The ALJ particularly held that the claimant's use of the affected arm was impaired because of the pain from RSD. However, the Magistrate Judge found no error in the ALJ's credibility determination in analyzing Plaintiff's functional capacity. Indeed, the Magistrate Judge held that while conflicting evidence regarding Saulsberry's complaints and the medical record existed, substantial evidence contradicting Plaintiff's claims support the ALJ's determination of Residual Functional Capacity (RFC).

The Magistrate Judge also held that the "treating physician's rule" from Netwon v. Apfel, 209 F.3d 448, 453 (5th Cir. 2005), did not apply because the factual predicate for application of the rule was missing. The Fifth Circuit concluded that "absent reliable medical evidence from a treating or examining physician converting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." Id. Here, the Magistrate Judge noted that there was substantial contradiction among the opinions of the three treating/examining sources; thus, there was no requirement for the ALJ to perform a detailed analysis when rejecting said opinion.

As to the Step Five determination, the Magistrate Judge held that because the functional capacity determination is frequently impacted by the ALJ's credibility assessment of the claimant's testimony, the ALJ's decision was supported by substantial evidence. Indeed, relying on treating physician Dr. Schnapp's opinion that Saulsberry could lift no more than five pounds

frequently or occasionally, and Dr. Randolph's finding of no limitation on Plaintiff's dominant right side, the ALJ found no basis for finding a restriction on Plaintiff's right arm. The Magistrate Judge further held that even if there was error in the ALJ determination that Plaintiff could perform light work, two jobs at sedentary level were identified that could be performed without the use of the left arm. Therefore, the Magistrate Judge affirmed the ALJ's determination that the Administration carried its burden under Step Five.

Because the record was clear that the ALJ's determination that Plaintiff was not "disabled" under the statute was supported by substantial evidence, the Magistrate Judge recommended that this Court affirm the findings of the Social Security Administration.

*Plaintiff's Objections*

Plaintiff contends that he has carried his burden of proof under SSR 03-02p. Plaintiff notes that the Commission has given an instructional ruling giving indications of how RSD is to be adjudicated, but that that Ruling was not followed by the ALJ in this case. Further, Plaintiff objects on the basis that the Magistrate Judge relied on subjective findings rather than objective indications as set forth in the Ruling. Plaintiff further argues that the Administration did not carry its burden as to Step Five - - that the restrictions placed on Plaintiff by his treating physicians preclude even sedentary jobs. Indeed, Plaintiff contends now that pain is his disabling condition and the ALJ failed to recognize its impact on his functional capacity.

*Discussion and Analysis*

**A. Social Security Ruling 03-02p**

The ALJ's decision in the instant action comports with and is consistent with SSR 03-2P, although the ALJ never mentioned this particular ruling in the opinion. The ALJ's failure to cite Social Security Ruling 03-2p is harmless because Plaintiff was not prejudiced by that failure.[1]

After reviewing the ALJ's determination as well as SSR 03-02p, the Court finds that the SSR was adequately followed. Indeed, the purpose of that Ruling centers on the evaluation of Reflex Sympathetic Dystrophy Syndrome. The Ruling acknowledges that in evaluating claims of RSD,

> the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

In evaluating Plaintiff's claim of RSD, the ALJ found that Plaintiff's RSD constituted a "severe medically determinable impairment[]." However, the ALJ found that Plaintiff failed to establish that such condition "would cause significant limitations in his ability to perform basic work activities on a sustained basis." Thus, SSR 03-02p was followed to the extent that the

---

[1] The Commissioner publishes Social Security Rulings which are binding on all components of the Administration. Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981). An Agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. Johnson v. Astrue, 2012 WL 3527972 at *9 (S.D. Tex. Aug. 14, 2012). "However, the failure by the Commissioner to follow a procedure promulgated by the Agency does not *per se* warrant a remand." Id. Indeed, substantial rights must have been affected to require remand. Id. (citing to Mays v. Bowen, 837 F.2d 1362, 1364 (1988)).

Administration recognized that Plaintiff was afflicted with RSD and evaluated that claim accordingly.

    **B. The ALJ properly weighted treating physician's testimony.**

The ALJ properly gave good reasons for the weight of Plaintiff's treating physician's testimony in accordance with the Social Security Act Regulations. The Social Security Act Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." Unless good cause is shown to the contrary, "the opinion, diagnosis, and medical evidence of the treating physician, especially when the consultation has been over a considerable amount of time, should be accorded considerable weight." Perez v. Schweiker, 653 F.2d 997, 1001 (5th Cir. 1981). Good cause exists when a treating source's opinion is conclusory, unsupported by medically acceptable evidence, or is otherwise bereft of substantial support. Alejandro v. Barnhart, 291 F. Supp. 2d 497, 508 (S.D. Tex. 2003). For the ALJ to give deference to a medical opinion, however, the opinion must be more than conclusive and must be supported by clinical and laboratory findings. Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985); Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981). Indeed, "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" Newton, 209 F.3d at 455 (quoting Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995)). However, "'the Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.' " Martinez, 64 F.3d at 176 (quoting Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987)). Further, regardless of the opinions and diagnoses of

medical sources, "the ALJ has sole responsibility for determining a claimant's disability status." Id.

After reviewing the record, the determination, Report and Recommendation, and the Objections filed thereto, the Court finds that the ALJ's decision and evaluation of the treating physician's opinions were supported by substantial evidence. When confronted with contradictory medical evidence regarding the limitations of Plaintiff's left extremity, the ALJ properly made credibility determinations as to Plaintiff's impairment.

Further, the ALJ determined that Plaintiff had the residual functional capacity to perform unskilled light work or unskilled and semi-skilled sedentary jobs. For the reasons stated above, the ALJ's determination was supported by substantial evidence. Plaintiff has failed to put forth any evidence, other than his contention the ALJ improperly relied on subjective evidence of Plaintiff's impairment, that he could not perform even sedentary work.

**C. The ALJ properly evaluated Plaintiff's claim of pain.**

Because Plaintiff's pain is responsive to medication and treatment, the ALJ properly determined that Plaintiff's pain did not qualify as a disability. According to this Circuit, pain can be a disabling condition under the Social Security Act when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988), Hames v. Heckler, 707 F.2d 162, 166 (5th Cir. 1983); Chaney v. Califano, 588 F.2d 958, 960 (5th Cir. 1978). However, the statute reads:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . there must be medical signs and findings . . . which could reasonably be expected to produce the pain or other symptoms alleged . . . . Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques . . . must be considered in reaching a conclusion as to whether the individual is under a disability.

Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460 § 3 (enacted Oct. 9, 1984), *reprinted in* 42 U.S.C.A. § 423(d)(5)(A) (West Supp.1985). The ALJ acknowledged that "[t]he claimant has not alleged that these medications [prescribed for pain] are wholly ineffective in controlling his symptoms." The ALJ noted Plaintiff's complaints of pain and considered such in his determination of benefits. Accordingly, the Court finds that such finding was supported by substantial evidence.

*Conclusion*

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the record and a *de novo* review of the matters raised by Plaintiff's Objections. For the reasons set forth above, the Court concludes that there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled. Plaintiff's Objections are overruled. The Court further concludes that the Magistrate Judge's Report and Recommendation should be adopted as the finding of the Court.

It is therefore ordered and adjudged that Plaintiff's Objections [20] filed in this cause on August 30, 2013, are OVERRULED. The Report and Recommendation of Magistrate Judge Sanders entered on August 16, 2013, is adopted in its entirety as the finding of this Court. The decision of the Commissioner is therefore AFFIRMED, and this civil action is hereby DISMISSED WITH PREJUDICE. A separate judgment will be entered in accordance with this Memorandum Opinion as required by the Federal Rule of Civil Procedure 58.

SO ORDERED, this the 23rd day of September, 2013.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**